UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID KETCHUM,

        Plaintiff,                         CIVIL ACTION NO. 10-14976

    v.                                  DISTRICT JUDGE MARK A. GOLDSMITH

SAGINAW COUNTY BOARD          MAGISTRATE JUDGE VIRGINIA M. MORGAN
OF COMMISSIONERS, MARK A.
MCGILL, WILLIAM GUTZWILLER,
PAULA LANSBURY, J.D. ANDERSON,
SERGEANT IRVINE, MARSHA AUSTIN,
EBONY RASCO, DAVID BOHL, A. SLOAN,
JOHN OSKEVAREK, RICK SHAFT,
DARNELL EARLY, ROBERT KARL,
PAUL LAGALO, and WILLIAM FEDERSPIEL,

        Defendants.
_____/

**REPORT AND RECOMMENDATION
TO DISMISS PLAINTIFF'S COMPLAINT *SUA SPONTE*__

**I. Introduction**

       This is a *pro se* 42 U.S.C. § 1983 prisoner action in which the plaintiff, an inmate confined at the Saginaw County Jail, alleges that defendants have committed a number of constitutional violations in their treatment of prisoners. Plaintiff purports to bring this complaint on behalf of himself, six other identified inmates, and all other inmates confined in the Saginaw County Jail. The matter has been referred to this court for all pretrial proceedings and, for the

reasons stated below, this court recommends that the complaint be dismissed *sua sponte* as plaintiff, who is proceeding *pro se*, cannot represent other identified inmates or adequately represent a class of inmates. In the alternative, this court recommends that plaintiff be ordered to file an amended complaint that clearly identifies the specific instances in which plaintiff alleges that his individual rights have been violated.

## II. Background

On December 15, 2010, plaintiff filed the complaint in this matter (D/E #1). As noted above, plaintiff purports to bring this complaint on behalf of himself, six other identified inmates, and all other inmates confined in the Saginaw County Jail. Moreover, all of the claims use "we" and "our" without identifying any specific instances in which plaintiff alleges that his individual rights have been violated. The general claims include allegations that defendants committed cruel and unusual punishment by denying inmates federally guaranteed recreation hours, keeping inmates in unlawfully small cells all day, denying proper sanitation, lighting, ventilation and fire safety, and by violating a previous court order enjoining certain policies and practices. Plaintiff also alleges that defendants committed cruel and unusual punishment through their policies regarding prisoner classification, prisoner treatment, visitation procedures, telephone usage, and grievance procedures.

Pursuant to the practice in the Southern Division of the United States District Court for the Eastern District of Michigan, plaintiff's case was screened and, following that screening, United States Magistrate Judge R. Steven Whalen granted plaintiff *in forma pauperis* status and

ordered service upon the defendants by the United States Marshal's Service (D/E #4). Subsequently, the Honorable Mark A. Goldsmith referred this matter to this court for all pretrial matters (D/E #7).

### III. Discussion

Pursuant to 28 U.S.C. § 1915(e)(B) a court shall dismiss an action proceeding *in forma pauperis* if it determines that the complaint fails to state a claim upon which relief can be granted. In this case, plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted because all of the allegations found in the complaint refer to a class of inmates as a whole, rather than to any specific claims plaintiff has or any individual relief he seeks, and plaintiff cannot represent other inmates or a class of inmates.

Plaintiff is not a lawyer and he is proceeding *pro se*. Additionally, he applied for and was granted *in forma pauperis* status solely on his own behalf (D/E #2, #4). Nevertheless, plaintiff seeks to bring claims on behalf of six other identified inmates and all unidentified inmates in Saginaw County Jail. However, claims asserted in a §1983 action are personal to the injured party and plaintiff lacks standing to assert claims based on violations of other people's constitutional rights. Shepard v. Wellman, 313 F.3d 963, 970 (6th Cir. 2003).

Moreover, as a non-lawyer, plaintiff cannot represent other inmates. Title 28 of the United States Code, § 1654, establishes the right of parties to appear *pro se*, on their own behalf. The statutory provision states: "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are

permitted to manage and conduct causes therein." 28 U.S.C. § 1654. Section 1654 does not, however, "allow for unlicensed laymen to represent anyone else other than themselves[,]" Eagle Assoc. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir.1991), and an unlicensed third party cannot appear on another's behalf, see Shepherd, 313 F.3d at 970 ("[Section 1654] does not permit plaintiffs to appear *pro se* where interests other than their own are at stake.").

To the extent plaintiff seeks to bring a class action and be the class representative for that class, his complaint must also be rejected. In order to obtain class certification, a class must fulfill all four factors of Federal Rule of Civil Procedure 23(a), in addition to satisfying as least one factor of Rule 23(b). Fed. R. Civ. P. 23(a), (b). Under Fed. R. Civ. P. 23(a), four prerequisites exist for class certification: (1) the class must be so numerous that joinder of all members is impracticable; (2) common questions of law or fact must be present among the class; (3) the claims of the representative party must be typical of the class; and (4) the representative party must be able to protect fairly and adequately the interests of the class. Stout v. J.D. Byrider, 228 F.3d 709, 716 (6th Cir. 2000). Failure to satisfy one factor renders a consideration of the other three factors superfluous. See Fed. R. Civ. P. 23(a); In re American Med. Sys., Inc., 75 F.3d 1069, 1079 (6th Cir. 1996).

Here, plaintiff is proceeding *pro se* and he seeks to represent all prisoners confined in the Saginaw County Jail. However, it is well established that non-attorneys proceeding *pro se* cannot adequately represent a class. Ziegler v. Michigan, 90 Fed. Appx. 808, 810 (6th Cir. 2004); Palasty v. Hawk, 15 Fed. Appx. 197, 200 (6th Cir. 2001); Fymbo v. State Farm Fire & Cas. Co.,

213 F.3d 1320, 1321 (10th Cir. 2000); <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975).  Inability to adequately represent a class requires that the court withhold class certification.  <u>See</u> Fed. R. Civ. P. 23(a); <u>In re American Med. Sys., Inc.</u>, 75 F.3d at 1079, 1083. *Pro se* prisoners are not able to fairly represent a class and plaintiff's attempt to do so in this case should be denied.

In light of plaintiff's inability to represent other named inmates or a class of inmates, his complaint should be dismissed.  All of the allegations found in the complaint refer to the class of inmates as a whole and not to any specific claims plaintiff may have as an individual.  Consequently, plaintiff's complaint should be dismissed for failure to state a claim upon relief can be granted.  In the alternative, if plaintiff's complaint is allowed to proceed with respect to his own claims, plaintiff should be ordered to file an amended complaint that clearly identifies the specific instances in which plaintiff alleges that his individual rights have been violated.

## IV. Conclusion

For the reasons discussed above, this court recommends that the complaint be dismissed *sua sponte* as plaintiff, who is proceeding *pro se*, cannot represent other identified inmates or adequately represent a class of inmates.  In the alternative, this court recommends that plaintiff be ordered to file an amended complaint that clearly identifies the specific instances in which plaintiff alleges that his individual rights have been violated.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                S/Virginia M. Morgan
                Virginia M. Morgan
                United States Magistrate Judge

Dated: February 17, 2011

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on February 17, 2011.

                s/J. Johnson
                Case Manager to
                Magistrate Judge Virginia M. Morgan